# Weekly Advance Abstract Opinions
## CURRENT OHIO COURT of APPEALS CASES

### No. 71
### CHARLES S. THOMPSON v. STUYVESANT MOTOR CO

Cuyahoga Court of Appeals, No. 4561, Decided Dec. 11, 1922

**LEASE—(1) Remedy—Agency, proof of—Testimony not showing authority to execute, excluded—**

PER CURIAM:

Error to Cleveland Municipal Court

1. Where the evidence shows that a lease is two contracts instead of one only, one tenancy by the month, and one by the year, depending upon certain conditions, there are two causes of action, depending upon the facts and contingencies in each particular case, the action should not be to reform a contract, as, in no event does the question involve mistake or misapprehension in the execution of the contract.

2. The court did not err in excluding evidence to prove an agency, of a person not an officer of the Motor Company, nor authorized by the company in its behalf to make or execute the lease, and it is not claimed that the evidence would have shown such authority.

Attorneys—C. F. McConnell and G. C. Hafley, for Thompson; Guthery, Guthery, Benyou & Williams, for Motor Co.

### No. 72
### KILBY MAN. CO. v. MOLDERS' UNION

Cuyahoga Court of Appeals, No. 4452 December 11, 1922

**INJUNCTION—Restraining Strikers from interferring with employees—(2) Picketing must be peaceable—(3) Lawful use of pickets not enjoined.**

SULLIVAN, J.:

Epitomized Opinion

Appeal from Cuyahoga Court of Common Pleas

This case was brought in the Common Pleas and injunction asked to restrain the defendant and its officers, agents and members, from committing the unlawful acts enumerated in the petition. Upon hearing, the judgment of the court was a denial of the prayer of the petition, and no injunction relief was given. Upon procedure in appeal one of the judges granted a temporary injunction.

1. The court decided that while peaceable picketing and peaceably persuading are lawful, if they go beyond, to the extent of using threats, intimidation, violence or other similar acts, the same are unlawful. The case of La France v. Brotherhood, decided in 1921 by the Court of Appeals of Lucas county, approved and followed. The Appellate Court further states, that from the evidence in the case, a restraining order should issue, enjoining the defendants and each of them, from picketing the homes or lodging places of the plaintiff's employees, from interfering with or molesting the employees of the plaintiff in going to or from their work, and enjoining them from intimidating, threatening or assaulting, or attempting to do so, the employees of the plaintiff, whether at the plant of plaintiff, or at their homes and lodging places, or in going to or from their work.

2. The prayer of plaintiff's to restrain picketing at plaintiff's plant was denied, and defendants were allowed to have threeat four pickets, restricted as to their action and conduct with respect to intimidation, etc., to peaceable and lawful methods.

Under the record, the conduct of the defendants, at the plant alone, is not sufficient to enjoin the lawful use of pickets, within the limits prescribed by law and this finding of the court. Permanent injunction granted and decree for plaintiff, in accordance with above views.

Atttorneys—Tolles, Hogsett, Ginn & Morley, for plaintiff; P. J. Mulligan, for defendants.

* NOTE. All Cuyahoga Court of Appeals cases come up from Court of Common Pleas of that county, by appeal or error, unless otherwise designated.

### No. 73
### KATIE SCHNEIDER v. STATE

Cuyahoga Court of Appeals, No. 4351 Dec. 11, 1922

**CRIMINAL LAW—Verdict guilty of "abortion," not at variance with charge of procuring "miscarriage" in an indictment.**

PER CURIAM:

Epitomized Opinion

Error from Court of Common Pleas

The indictment charged the plaintiff in error with producing a "miscarriage." The jury reported, in words substantially as follows: "We find the defendant guilty of abortion as charged in the indictment," which would mean, miscarriage as charged in the indictment. These words, as commonly used, are interchangeable terms, and the distinction is so technical that the court cannot for this reason alone declare that there was error in the record below. We are satisfied that no prejudice was done the defendant by the verdict and that substantial justice was done, and the judgment of the court is affirmed.

Attoirneys—A. L. Steurer, for Schneider; R. C. Stanton, for state.

### No. 74
### DEMERTGES v. HUTTAS, et al

Cuyahoga Court of Appeals, No. 4059

**SALES—(1) Construction of Bulk Sales Law—Failure to obtain judgment removes right of municipal court to appoint trustee—(2) Remedy equitable, and court without jurisdiction.**

VICKERY, J.:

Epitomized Opinion

Error to M. C. of Clev., Decided Dec. 18, 1922

1. Failure of a purchaser of a stock of merchandise to comply with certain conditions of the Bulk Sales Law of Ohio, makes the purchaser a trustee for creditors, and the statute gives them the right to have a trust declared and a trustee appointed. Failure to give the required notice is of itself unsufficient to hold the buyer as trustee, for such appointment must be made by a court, such as the common pleas, having power to declare a trust.

2. The municipal court had no such jurisdiction, in any other case than where a judgment has been rendered in its own court, and none had been in this instance. Notwithstanding the fact that the proceeding is simply a statuary matter the remedy is clearly equitable and in this case, no judgment having been obtained against the purchaser, the municipal court had no right to appoint a trustee.

Attorneys—Spear, Godfrey & Spear, for Demertges; Kraus, McMasters, Good & Goldman, for Huttas.